UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| PHIL LIFSCHITZ, | |
| Plaintiff, | Case No. _____ |
| v. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| NEXTIER OILFIELD SOLUTIONS INC., ROBERT DRUMMOND, LESLIE BEYER, STUART BRIGHTMAN, GARY M. HALVERSON, PATRICK MURRAY, AMY NELSON, MELVIN G. RIGGS, BERNARDO J. RODRIGUEZ, MICHAEL ROEMER, JAMES C. STEWART, and SCOTT WILLE, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Phil Lifschitz ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1. This action is brought by Plaintiff against NexTier Oilfield Solutions Inc. ("NexTier" or the "Company") and the members of NexTier's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which NexTier will merge with Patterson-UTI Energy, Inc. ("Patterson-UTI") (the "Proposed Transaction").

2.  On June 15, 2023, NexTier and Patterson-UTI issued a joint press release announcing that they had entered into an Agreement and Plan of Merger (the "Merger Agreement"). Under the terms of the Merger Agreement, NexTier shareholders will receive 0.7520 shares of Patterson-UTI common stock for each share of NexTier common stock they own (the "Merger Consideration").

3.  On July 31, 2023, NexTier filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that NexTier stockholders vote in favor of the Proposed Transaction, omits, or misrepresents material information concerning, among other things: (i) the financial projections for NexTier, Patterson-UTI and the combined company; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Moelis & Company LLC ("Moelis"). The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as NexTier stockholders need such information in order to make a fully informed decision whether to vote in favor of the Proposed Transaction.

4.  In short, unless remedied, NexTier's public stockholders will be forced to make a voting on the Proposed Transaction without full disclosure of all material information concerning the Proposed Transaction being provided to them. Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Moreover, NexTier's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of NexTier.

9. Defendant NexTier is a Delaware corporation, with its principal executive offices located at 3990 Rogerdale Road, Houston, Texas 77042. NexTier is an industry-leading U.S. land oilfield service company, with a diverse set of well completion and production services across active and demanding basins. NexTier's shares trade on the New York Stock Exchange under the ticker symbol "NEX."

10. Defendant Robert Drummond ("Drummond") has been President, Chief executive Officer and a director of the Company at all relevant times.

11. Defendant Leslie Beyer ("Beyer") has been a director of the Company at all relevant times.

12. Defendant Stuart Brightman ("Brightman") has been a director of the Company at all relevant times.

13. Defendant Gary M. Halverson ("Halverson") has been a director of the Company at all relevant times.

14. Defendant Patrick Murray ("Murray") has been a director of the Company at all relevant times.

15. Defendant Amy Nelson ("Nelson") has been a director of the Company at all relevant times.

16. Defendant Melvin G. Riggs ("Riggs") has been a director of the Company at all relevant times.

17. Defendant Bernardo J. Rodriguez ("Rodriguez") has been a director of the Company at all relevant times.

18. Defendant Michael Roemer ("Roemer") has been a director of the Company at all relevant times.

19. Defendant James C. Stewart ("Stewart") has been a director of the Company at all relevant times.

20. Defendant Scott Wille ("Wille") has been a director of the Company at all relevant times.

21. Defendants identified in paragraphs 10-20 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

22. Patterson-UTI is a leading provider of oilfield services and products to oil and natural gas exploration and production companies in the United States and other select countries, including contract drilling, pressure pumping and directional drilling services.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

23.     NexTier is a predominately U.S. land focused oilfield service company, with a diverse set of well completion and production services across a variety of active and demanding basins.  NexTier provides its services through its operating subsidiaries to exploration and production ("E&P") customers.  NexTier's integrated solutions approach is focused on delivering efficiency, and its ongoing commitment to innovation helps its customers capitalize on technological advancements.  NexTier is differentiated through four points of distinction, including safety performance, efficiency, partnership, and innovation.

**The Proposed Transaction**

24.     On June 15, 2023, NexTier and Patterson-UTI issued a press release announcing the Proposed Transaction, which states, in relevant part:

> HOUSTON, June 15, 2023 /PRNewswire/ -- **Patterson-UTI Energy, Inc. (NASDAQ: PTEN) ("Patterson-UTI") and NexTier Oilfield Solutions Inc. (NYSE: NEX) ("NexTier") today announced** that they have entered into a definitive merger agreement to combine in an all-stock merger of equals transaction. The combined company, with an enterprise value of approximately $5.4 billion, will be an industry leading drilling and completions services provider with operations in the most active major U.S. basins, and strong free cash flow to accelerate the return of capital to shareholders.
>
> Under the terms of the agreement, which has been unanimously approved by the boards of directors of both companies, NexTier shareholders will receive 0.7520 shares of Patterson-UTI common stock for each share of NexTier common stock owned. Upon closing of the transaction, Patterson-UTI shareholders will own approximately 55% and NexTier shareholders will own approximately 45% of the combined company on a fully diluted basis. The merger is expected to be tax-free to shareholders of both companies.
>
> Andy Hendricks, Chief Executive Officer of Patterson-UTI, commented, "This merger unites two top-tier and technology-driven drilling and well completions businesses, creating a leading platform at the forefront of innovation. As one company, we will have a significantly expanded, comprehensive portfolio of oilfield services offerings across the most active producing basins in the United

States, along with operations in Latin America. With our combined strong balance sheet, ample liquidity and greater free cash flow, we will be well positioned to continue to invest in technology, innovation and people, while delivering strong cash returns to shareholders."

Mr. Hendricks continued, "NexTier shares our culture of safety, deep customer relationships and operational and financial outperformance. Together, we will better serve our employees, shareholders, customers, suppliers and the communities in which we operate. We look forward to working with the NexTier team to successfully bring our two companies together."

Robert Drummond, President and Chief Executive Officer of NexTier, said, "Our agreement to merge with Patterson-UTI brings together two complementary organizations to create a premier North American drilling and completions company. We believe offering a comprehensive suite of solutions on one integrated platform will position the combined company as the partner of choice for a greater number of customers across geographies and throughout the full well life cycle. We're confident that together, we will be able to drive efficiencies across the portfolio and unlock more value for shareholders and customers than either organization could achieve on its own."

Mr. Drummond added, "NexTier and Patterson-UTI each have proven track records of integrating businesses, and we're confident that combining through a merger of equals will enable us to leverage the strengths of both highly talented workforces and create exciting career opportunities for employees as we become a larger, more diversified platform."

**Compelling Strategic and Financial Benefits**

- **Leading Drilling and Well Completions Businesses:** The combined company will have a best-in-class operational and technology portfolio, along with data analytics to maximize well performance. Specifically, the merger will create:
    - Leading U.S. Contract Drilling business with 172 super-spec drilling rigs and Directional Drilling business.
    - Leading U.S. Well Completions business with deployed capacity of 45 active spreads and 3.3 million hydraulic fracturing horsepower, with nearly two-thirds of deployed fleets being dual fuel capable. NexTier's integrated approach will provide additional market capacity of Power Solutions, wireline, last mile logistics, proppant handling and cementing services.
- **Strong Revenue and Cash Generation:** On an annualized combined basis as of the first quarter of 2023, the combined company generated approximately $6.9 billion of revenue, $1.9 billion in adjusted EBITDA and improved free cash flow generation. The combined company will be an attractive investment opportunity with greater size and scale facilitating increase share float and liquidity.

- **Accretive to Earnings per Share and Free Cash Flow per Share:** The transaction is expected to be accretive to earnings per share and free cash flow per share in 2024.

- **Strong Financial Position and Balance Sheet:** The combined company would have Net Debt to combined trailing twelve month Adjusted EBITDA of 0.5x as of March 31, 2023. With increased scale and a strong balance sheet, the transaction is expected to lower cost of capital and enable the combined company to continue to selectively invest in value accretive opportunities.

- **Well Positioned to Return Capital to Shareholders:** The combined company intends to target high free cash flow conversion, remain good stewards of capital and continue the practices of both companies of distributing at least 50% of free cash flow to shareholders. As shareholders of the combined company, NexTier shareholders will benefit from Patterson-UTI's dividend and the combined company will continue to return capital through dividends and share repurchases.

- **Delivers Significant Cost Saving and Operational Synergy Opportunity:** The transaction is expected to create significant efficiencies for the combined company's well completions operations. The combined company expects to realize annual cost savings and operational synergies of approximately $200 million within 18 months following close through operations integration, supply chain management and reductions in sales, general and administrative expenses. One-time costs expected to be incurred to achieve the synergies are approximately $80 million.

- **Significant Value Creation Potential through the Expansion of Wellsite Integration Strategies:** The combined company's wellsite integration strategy is expected to create additional value through efficiency gains and cost reductions. This strategy can create as much as $7 million in adjusted EBITDA improvements and CapEx reduction annually on fully integrated completions fleets with a larger frac footprint.

- **Shared Commitment to Sustainably Focused Operations:** The combined company will have a sustainability leadership position in lowering carbon emissions at the wellsite, with over 50% of the drilling and completions fleet capable of being powered by natural gas.

-
   Leadership, Governance and Headquarters

   The combined company will be led by a proven management team that reflects the strengths and capabilities of both organizations. Upon close, Andy Hendricks, President and Chief Executive Officer of Patterson-UTI, will serve as President and Chief Executive Officer of the combined company and Robert Drummond, President and Chief Executive Officer of NexTier, will become Vice Chair of the combined company's Board. Curtis Huff, Patterson-UTI's current Chair of the

Board, will serve as Chair of the combined company's Board. Following close, the combined company's Board will comprise 11 directors, six of whom will be from the Patterson-UTI Board, including Mr. Hendricks, and five of whom will be from the NexTier Board.

The combined company will operate under the name Patterson-UTI Energy, Inc. and trade under the ticker symbol PTEN. The Well Completions business will operate under the NexTier Completions brand. The combined company's corporate headquarters will remain in Houston, Texas.

**Approvals and Closing**

The merger is expected to close in the fourth quarter of 2023, following Patterson-UTI and NexTier shareholder approval, regulatory approvals and satisfaction of other customary closing conditions.

* * *

**Advisors**

Goldman Sachs & Co. LLC is serving as financial advisor and Gibson, Dunn & Crutcher LLP is serving as legal advisor to Patterson-UTI.
Moelis & Company LLC is serving as financial advisor and Kirkland & Ellis LLP is serving as legal advisor to NexTier.

**The Proxy Statement Contains Material Misstatements and Omissions**

25.     Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the financial projections of NexTier, Patterson-UTI and the combined company; and (ii) the inputs and assumptions underlying the financial analyses performed by the Company's financial advisor Moelis.  Accordingly, NexTier stockholders are being asked to vote in favor of the Proposed Transaction without all material information at their disposal.

***Material Omissions Concerning the Financial Projections of NexTier, Patterson-UTI and the Combined Company***

26.     The Proxy Statement omits material information with respect to the financial projections of NexTier, Patterson-UTI and the combined company.

27. For example, with respect to the *NexTier Projections for NexTier* and the *NexTier Projections for Patterson-UTI*, the Proxy Statement fails to disclose the line items underlying (a) Total Adjusted EBITDA, and (b) Unlevered Free Cash Flow.

28. Additionally, with respect to the *NexTier Management Projections for Combined Company*, the Proxy Statement fails to disclose (i) the pro forma combined company's net operating loss carryforwards ("NOLs"); and (ii) the line items underlying Total Adjusted EBITDA.

29. The omission of this information renders the statements in the "Certain NexTier Unaudited Prospective Financial Information" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act

***Material Omissions Concerning Moelis's Financial Analyses***

30. The Proxy Statement also describes Moelis's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Moelis's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, NexTier's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Moelis's fairness opinion in determining whether to vote in favor of the Proposed Transaction. This omitted information, if disclosed, would significantly alter the total mix of information available to NexTier's stockholders.

31. With respect to Moelis's *Discounted Cash Flow Analysis-Standalone* of NexTier, the Proxy Statement fails to disclose: (i) the terminal values; and (ii) the inputs and assumptions underlying the discount rates of 10.50% to 12.50% for NexTier and 10.50% to 14.00% for NexTier's NOLs used in the analysis.

32. With respect to Moelis's *Discounted Cash Flow Analysis-Standalone* of Patterson-UTI, the Proxy Statement fails to disclose: (i) the terminal values; and (ii) the inputs and assumptions underlying the discount rates of 11.00% to 12.75% for Patterson-UTI and 12.00% to 15.50% for Patterson-UTI's net operating loss carryforwards ("NOLs") used in the analysis.

33. With respect to Moelis's *Equity Research Share Price Targets* analysis of NexTier and Patterson-UTI, the Proxy Statement fails to disclose: (i) the individual price targets observed in the analysis; and (ii) identification of the sources of the price targets observed in the analysis.

34. The omission of this information renders the statements in the "Opinion of NexTier's Financial Advisor" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

35. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff, and the other stockholders of NexTier will be unable to make a sufficiently informed voting in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

36. Plaintiff repeats all previous allegations as if set forth in full.

37. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the

statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

38. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about (i) the financial projections of NexTier, Patterson-UTI and the combined company; and (ii) the inputs and assumptions underlying Moelis's financial analyses. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

40. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

42. Plaintiff repeats all previous allegations as if set forth in full.

43. The Individual Defendants acted as controlling persons of NexTier within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of NexTier, and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

46. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

47. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their

positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, NexTier stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of NexTier, and against defendants, as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to NexTier stockholders;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 18, 2023

**OF COUNSEL:**

**MCKAY LAW**
Michael McKay
5635 N. Scottsdale Road
Suite 170
Scottsdale, AZ 85250
Tel: (480) 681-7000
Fax: (480) 348-3999
Email: mmckay@mckaylaw.us

*Attorneys for Plaintiff*

**WEISS LAW**

By _____
Michael Rogovin
476 Hardendorf Ave. NE
Atlanta, GA 30307
Tel: (404) 692-7910
Fax: (212) 682-3010
Email: mrogovin@weisslawllp.com

*Attorneys for Plaintiff*